**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JIMMY FOSTER,

      Petitioner - Appellant,

v.

ANITA TRAMMELL,

      Respondent - Appellee.

No. 14-5119
(D.C. No. 4:11-CV-00503-CVE-FHM)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY***

Before **BRISCOE**, Chief Judge, **LUCERO** and **MATHESON**, Circuit Judges.

Jimmy Foster seeks a certificate of appealability ("COA") to appeal from the district court's denial of his 28 U.S.C. § 2254 habeas petition. We deny a COA and dismiss this proceeding.

**I**

Foster was accused of killing Tyri Rodgers, who died after being shot at the Apache Manor Apartments in Tulsa, Oklahoma, on July 9, 2006. At trial, Foster admitted shooting Rodgers. He testified that Rodgers was trying to shoot him, and so he acted in self-defense. The physical evidence included three .40 caliber casings

---

    * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

from Foster's gun and a 9 mm casing from the area where Rodgers had been standing. No 9 mm handgun was found, and other witnesses testified that Rodgers had not been armed.

A jury found Foster guilty after being instructed on the elements of first degree malice aforethought murder and self-defense. In his direct appeal, Foster challenged the sufficiency of the evidence to support the conviction and to overcome his assertion of self-defense. The Oklahoma Court of Criminal Appeals ("OCCA") held that, viewing the evidence in the light most favorable to the State, it was sufficient to prove beyond a reasonable doubt that Foster was guilty of first degree murder because he admitted the elements of the crime and the jury could have rationally found beyond a reasonable doubt that he did not act in self-defense. Accordingly, the OCCA affirmed his conviction and sentence of life imprisonment.

Foster then filed his § 2254 petition, again challenging the sufficiency of the evidence. He conceded that the OCCA identified the correct legal principle, but he argued that it applied that principle unreasonably to the facts of his case because the physical evidence (primarily the 9 mm casing) required the jury to credit Foster's testimony. The district court disagreed, finding that the evidence, when viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. It denied relief and denied a COA.

**II**

To appeal, Foster must obtain a COA, which requires him to make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Because the OCCA considered Foster's claims on the merits, he is not entitled to habeas relief unless the OCCA's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in the light of the evidence presented in the State court proceeding." § 2254(d)(1), (2). "Thus, the decision whether to grant [the] COA request rests on whether reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong in light of the deference owed to the OCCA's adjudication of [the] claims." Howell v. Trammell, 728 F.3d 1202, 1225 (10th Cir. 2013) (quotation omitted).

When a habeas petitioner challenges the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319

-3-

(1979). Under the applicable provision of Oklahoma law, "[a] person commits murder in the first degree when that person unlawfully and with malice aforethought causes the death of another human being." Okla. Stat. tit. 21, § 701.7(A). The only element controverted by Foster is whether the shooting was unlawful. Because he presented evidence that he acted in self-defense, it was the State's burden to prove beyond a reasonable doubt that he was not acting in self-defense. Dawkins v. State, 252 P.3d 214, 220 (Okla. Crim. App. 2011).

Foster argues that the presence of a 9 mm casing, in good condition, where Rodgers had been standing, compels a finding that he acted in self-defense. In his view, any other conclusion is unreasonable. We disagree. Several witnesses testified that Rodgers did not have a gun or that he did not shoot at Foster. There also was testimony that the Apache Manor apartment complex was the site of frequent "shots fired" and "shots heard" police calls. The jury could have reasonably credited this testimony, decided that the 9 mm casing was not related to this shooting, and rejected Foster's theory that Rodgers must have had a 9 mm handgun, which a bystander then removed from the scene. See Jackson, 443 U.S. at 319 (noting that it is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts").

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge